25 F.3d 1047
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Wilma ANDERSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-4356.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1994.
 
 Before: KENNEDY, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Wilma Anderson appeals the dismissal of her application for social security disability insurance benefits and supplemental security income.
 
 I.
 
 2
 In June, 1987, plaintiff Anderson filed applications for disability insurance benefits and supplemental security income, alleging that she had been disabled since April 17, 1985. After being denied at each level of administrative review, Anderson filed suit in the district court pursuant to 42 U.S.C. Sec. 405(g), claiming disability due to a heart impairment, a vascular condition of the lower extremities and a brain aneurysm.
 
 
 3
 In the district court, the magistrate, acting pursuant to both parties' consent for him to enter judgment under 28 U.S.C. Sec. 636(c), dismissed both parties' motions for summary judgment without prejudice and remanded the case to the administrative level in order to (1) assess the impact of plaintiff's mental impairment on her residual function capacity (RFC) to perform work and (2) obtain the testimony of a vocational expert. A supplemental administrative hearing was held on July 16, 1991, at which plaintiff, Joel Steinberg, M.D., a medical advisor (MA), and Rodney W. Durgin, Ph.D., a vocational expert, (VE) testified.
 
 
 4
 Dr. Steinberg testified that Anderson did not equal in severity any of the mental health listed impairments. He stated that Anderson's mental health impairments resulted in slight to moderate restrictions in her activities of daily living and that she often suffers deficiencies of concentration. However, there was no evidence of deterioration or decompensation in work or work-like settings. Dr. Steinberg concluded that, exertionally, Anderson was limited to light work in which she was not subject to dangerous conditions or temperature extremes. Psychologically, she was limited to simple repetitive work that did not require encountering the public as its primary activity and that had no emphasis on production standards.
 
 
 5
 Dr. Durgin classified Anderson's past relevant work as unskilled to semiskilled, light to medium work. In response to a detailed hypothetical question,[1] Dr. Durgin concluded that Anderson could perform more than 75,000 jobs in Ohio as an assembler, production inspector and general factory laborer.
 
 
 6
 The Administrative Law Judge (ALJ) found that Anderson had not engaged in substantial gainful activity since April 17, 1985 and prior to 1990,[2] Anderson had severe impairments of peripheral artery disease with status post aortofemoral bypass surgery performed in April, 1987, and additional procedures in February, 1988; single vessel coronary artery disease; status post cerebral hemorrhage due to a left posterior communicating artery aneurysm treated by clipping of the aneurysm in June, 1985; mild chronic obstructive pulmonary disease; organic brain syndrome; dysthymic disorder; and dependent personality disorder. The ALJ found that none of these impairments, either alone or in combination, met or equaled the requirements of impairment listed in 20 C.F.R. Sec. 404. The ALJ also found that Anderson's allegations of disabling pain, other symptoms and functional limitations were not supported by the objective medical record and were not credible.
 
 Additionally, the ALJ found:
 
 7
 Prior to June, 1990, the claimant had the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for that which required her to lift more than 20 pounds, she could frequently lift or carry up to ten pounds; also, the claimant could perform a good deal of standing or walking or mostly sitting with some pushing or pulling of arm or leg controls. From a nonexertional standpoint the claimant was unable to perform work which required exposure to unprotected heights, working around or operating dangerous equipment or machinery as well as exposure to extremes of temperature. Moreover, she was functionally limited to simple repetitive tasks which without emphasis on production standards and which did not require as a principal part of the occupation contact with the public.
 
 
 8
 This assessment led the ALJ to conclude that Anderson was not able to perform her past relevant work as an assembly line worker, waitress/short order cook, cardboard box assembler or motel/hotel housekeeper.
 
 
 9
 Based on Anderson's residual functional capacity and the testimony of Dr. Durgin, as VE, the ALJ concluded that there were a significant number of jobs, both in Ohio and in the national economy as a whole, which Anderson could perform. Thus, the ALJ ultimately found that Anderson was not disabled within the meaning of the Social Security Act. On review by the district court, the Magistrate found that the ALJ did not err and ordered that plaintiff's motion for summary judgment be denied and that defendant's motion for summary judgment be granted. This appeal followed.
 
 II.
 A. Standard of Review
 
 10
 Judicial Review of the Secretary's decision is limited to ascertaining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching their conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). Congress has explicitly stated that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ..." 42 U.S.C. Sec. 405(g). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' It is more than a scintilla but less than a preponderance." Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1979)).
 
 
 11
 This Court may not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). Rather the Court must simply determine whether the Secretary's factual findings are supported by substantial evidence. In making this determination, the Court must examine the evidence in the record taken as a whole and must take into account whatever in the record fairly detracts from its weight. Born v. Secretary of Health and Human Services, 923 F.2d 1168, 1173 (6th Cir.1990). If supported by substantial evidence, the Secretary's decision must be affirmed even if a reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam), and even if substantial evidence also supports the opposite conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc).
 
 B. Substantial Evidence
 
 12
 In order to be entitled to disability benefits, a claimant must prove inability to perform substantial gainful activity due to a medically determinable physical or mental impairment which either results in death or lasts for a period of at least twelve months. 42 U.S.C. Sec. 423(d)(1)(A); Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir.1986). The claimant must show that the impairment results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. Secs. 423(d)(3), 1382(a)(3)(C); 20 C.F.R. Secs. 404.1513, 404.1528, 416.913, 416.928. The ALJ found that, based on the evidence, Anderson was not disabled within the meaning of the Social Security Act.
 
 
 13
 Anderson contends that the sole issue in this case is whether the hypothetical question[3] posed to Dr. Durgin is an accurate portrayal of her physical and mental impairments. Anderson claims that the hypothetical, by including an ability to perform light work, outlined a claimant with a residual functional capacity far in excess of her actual capacity.
 
 
 14
 The magistrate found that, based on testimony from the plaintiff and the MA, the ALJ properly included Anderson's ability to perform light work in the hypothetical. We find the determination that Anderson could perform light work was not supported by substantial evidence. Nothing in the record indicates that Anderson is able to perform light work or, more specifically, that she is able to lift twenty pounds. This is a specific factual finding that must be supported by expert testimony. A hypothetical question from an ALJ to a vocational expert must include only limitations supported by the record. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 780 (6th Cir.1987). The ALJ's hypothetical question included a residual functional capacity that is not properly supported by the record. Accordingly, this case must be remanded for a proper determination of Anderson's residual functional capacity.
 
 III.
 
 15
 For the foregoing reasons, the district court's denial of plaintiff's motion for summary judgment and grant of defendant's motion for summary judgment are REVERSED and the case must be REMANDED to the administrative level for the necessary factual determinations consistent with this opinion.
 
 
 
 [1]
 The Administrative Law Judge's hypothetical question stated:
 I want you to assume at this juncture, Dr. Durgin, the following hypothetical box. A person thirty-seven to forty years of age, with a high school education, who has past relevant work experience as you've outlined for us here today. Make that thirty-seven to forty-one years of age. I want you further to assume that the individual I'm describing can perform light work as defined by the Secretary, lifting up to twenty pounds, ten pounds frequently, and/or standing and walking six to eight hours out of a day, and/or seated, operating foot pedals. Furthermore I want you to assume that this individual cannot work around unprotected heights, dangerous equipment and machinery, cannot operate such either. I want you further to assume this individual cannot be exposed to temperature extremes, and I want you further to assume that this person can only perform simple repetitive tasks, and that the performance of these tasks cannot involve emphasis on production standards, nor can it involve contact with the public as a principal part of the occupation. And ask whether or not firstly in your opinion, a person limited to the performance of simple repetitive tasks without evident emphasis on production jobs, and has no specific reasons to be contacting the public as part of that job, would be performing work at a low, mild, moderate, moderately high, or high vocational stress level.
 
 
 [2]
 Anderson began receiving supplemental security income benefits in June, 1990; thus, the ALJ focused on her condition prior to that time
 
 
 [3]
 See note 1 for full text of the ALJ's hypothetical question